**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dexter J. Hillman, | No. CV-07-2155-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendant. | |

Petitioner filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 on November 6, 2007. Dkt. #1. Petitioner simultaneously filed a motion to hold the petition for writ of habeas corpus in abeyance until the Arizona Court of Appeals completes a review of his petition for post-conviction relief. *Id.* Respondents filed an objection to the motion to hold the matter in abeyance on March 7, 2008. Dkt. #13. Respondents filed an answer to the petition for writ of habeas corpus on April 16, 2008. Dkt. #17. Petitioner replied to both pleadings. Dkt. ## 15, 22.

On September 15, 2008, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation (R&R) recommending that the Court dismiss the petition for writ of habeas corpus as untimely and dismiss the motion because there is no basis for holding these proceedings in abeyance. Dkt. #23. Petitioner filed objections to the R&R and Respondents responded to Petitioner's objections. Dkt. ## 25, 27. Petitioner also filed a motion for an evidentiary hearing on the objections to the R&R and Respondent's objection to the motion to hold the matter in abeyance. Dkt. ## 24, 26. For the reasons stated below, the Court will

1 accept the R&R, dismiss the petition for writ of habeas corpus, deny the motion to hold the matter in abeyance, and deny the motion for an evidentiary hearing.

**I.    Background.**

On December 18, 1998, Petitioner pled guilty to manslaughter and leaving the scene of a fatal injury accident. Dkt. #17-2, Ex. C. On January 26, 1999, the trial court sentenced Petitioner to 15.5 years of imprisonment for the manslaughter conviction and a concurrent 8-year term for leaving the scene of a fatal injury accident. *Id.* at Exs. F-G.

Since the sentencing, Petitioner has petitioned for post-conviction relief on six separate occasions in addition to the current petition for writ of habeas corpus. Petitioner first filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32 on January 11, 2000. *Id.* at Ex. H. The trial court dismissed Petitioner's notice of post-conviction relief as untimely because Rule 32.4 specifies that the notice must be filed within 90 days of the entry of judgment and Petitioner waited almost one year after the entry of judgment to file. *Id.* at Ex. I. On March 29, 2000, Petitioner filed a second notice of post-conviction relief. *Id.* at Ex. J. Again, the trial court denied the notice as untimely. *Id.* at Ex. K. Petitioner then filed a petition for review of the trial court's order in the Arizona Court of Appeals, but the petition was summarily denied. *Id.* at Exs. L-M.

On May 17, 2001, Petition filed a third notice of post-conviction relief. *Id.* at Ex. N. Petitioner claimed that he had new evidence showing he was actually innocent. The trial court appointed counsel. *Id.* at Exs. N at 2, O. Petitioner's counsel advised the court that Petitioner had no colorable issues to raise, although counsel never obtained transcripts of the change of plea proceeding or the sentencing. *Id.* at Ex. Q. Petitioner sought and obtained an order providing him with transcripts of the change of plea hearing and sentencing. *Id.* at Ex. R. Petitioner then filed a *pro se* motion for post-conviction relief claiming that (1) newly discovered evidence about Petitioner's attention deficit hyperactivity disorder (ADHD) showed that he was actually innocent, and (2) Petitioner's defense counsel was ineffective for failing to raise the ADHD issue during sentencing. *Id.* at Ex. S. The trial court denied the petition, finding that the evidence cited by Petitioner was not new because

Petitioner had known about the ADHD since he was a child and defense counsel was not ineffective. *Id.* at Ex. T. Petitioner filed a petition for review in the Arizona Court of Appeals, which was denied. *Id.* at Ex. U.

On August 19, 2003, Petitioner filed a fourth notice of post-conviction relief arguing that although he pled guilty to manslaughter, the facts he admitted supported only a conviction for negligent homicide. *Id.* at Ex. V. The trial court dismissed the notice, finding that by pleading guilty defendant waived his right to contest the evidence against him and finding that this claim was precluded because Petitioner should have raised it in the prior Rule 32 proceedings. *Id.* at Ex. W. Petitioner filed a petition for review in the Arizona Court of Appeals, which was denied. *Id.* at Ex. X.

On August 19, 2004, Petitioner filed a motion for reconsideration of sentencing to aggravated term and on August 31, 2004, Petitioner filed a notice of post-conviction relief, both based on the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). *Id.* at Exs. Y-Z. On September 9, 2004, the trial court concluded that *Blakely* did not apply retroactively to Petitioner's case and denied both motions. *Id.* at Exs. AA-BB.

On November 6, 2007, Petitioner filed this petition for writ of habeas corpus seeking relief on several grounds. Petitioner asserts that his sentence violates the Sixth Amendment under *Blakely* and that *Blakely* applies retroactively to his case. Dkt. #1 at 6. Petitioner also asserts that his due process and double jeopardy rights were violated by the application of Arizona's determinate sentencing law and by the trial court's "double enhancement" of his sentence. *Id.* at 7. Petitioner also claims that his Sixth Amendment rights were violated by his illegal sentence. *Id.* at 8. Finally Petitioner argues that he received ineffective assistance of counsel because counsel ignored issues of "constitutional magnitude" and violated "the policy of the state of Arizona." *Id.* at 9.

On December 12, 2007, Petitioner filed another petition for post-conviction relief arguing that *Blakely* constituted a significant change in the law and that his sentence was illegal under *State v. Germain*, 723 P.2d 105 (Ariz. Ct. App. 1986). Dkt. #17-3, Ex. CC.

The trial court denied the petition because Petitioner raised the *Blakely* claim in a previous Rule 32 proceeding and was precluded from raising it again, and because *Germain* did not constitute a change in the law since it was decided before Petitioner's case. *Id.* at Ex. DD. The court also held that the petition was untimely pursuant to Rule 32. *Id.* Petitioner filed a motion to reconsider with the trial court, which was denied. Dkt. #22 at 8, 37. Petitioner was granted an extension to file a petition for review until July 17, 2008. Dkt. #22 at 42. It is not clear from the record whether Petitioner has filed that petition.

**II.    The R&R.**

Judge Anderson recommends that the Court deny the petition for writ of habeas corpus as untimely. Dkt. #23 at 7-18. In reaching this conclusion, Judge Anderson first examined the statute of limitations applicable to the petition. He noted that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on habeas corpus petitions filed in federal court by state prisoners. *Id.* at 7. Section 2244(d)(1) stipulates that the limitations period begins to run from the latest of: (1) the date on which the judgment became final, (2) the date on which the state-caused impediment to filing an application is removed, or (3) the date on which the retroactively applicable constitutional right was recognized. 28 U.S.C. § 2244(d)(1). Judge Anderson evaluated each prong of 28 U.S.C. § 2244(d)(1), considered both statutory and equitable tolling, and recommended that the Court hold that the petition is barred by 28 U.S.C. § 2244(d)(1)(A). *Id.* at 8.

Section 2244(d)(1)(A) states that the one-year limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Applying this section, Judge Anderson found that because Petitioner waived his right to a direct appeal by pleading guilty, AEDPA's one-year statute of limitations began to run either at the conclusion of a Rule 32 of-right proceeding or at the expiration of the time for seeking a Rule 32 of-right proceeding. Dkt. #23 at 9. Since Petitioner did not file a notice of Rule 32 review within the 90 days allowed for seeking a Rule 32 proceeding, Judge Anderson found that the AEDPA

statute of limitations began to run on the expiration of the 90-day time period and terminated on April 27, 2000. *Id.* The petition for writ of habeas corpus filed on November 6, 2007 was therefore barred as untimely unless subsections (B) or (C) extend the limitations period. *Id.*

Section 2244(d)(1)(B) states that the one-year statute of limitations begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Judge Anderson liberally construed the petition for writ of habeas corpus as claiming that Petitioner's ability to pursue post-conviction relief was hindered by the failure of his post-conviction counsel to obtain transcripts of the change of plea hearing and sentencing. Judge Anderson found, nonetheless, that § 2244(d)(1)(B) does not apply to Petitioner because it was an action by Petitioner's counsel, not the State, that created the alleged impediment to filing a timely petition. Dkt. #23 at 11. Judge Anderson noted that even assuming the statute of limitations period did not commence until Petitioner obtained his transcripts on or about March 25, 2002, the period would have expired on May 22, 2003 and, therefore, his § 2254 petition filed on November 6, 2007 would still be untimely. *Id.*

Section 2244(d)(1)(C) provides that the one-year limitations period begins to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Judge Anderson liberally construed Petitioner's filings as arguing that the AEDPA limitations period did not commence until June 24, 2004, the date on which *Blakely* was decided. Dkt #23 at 11. Judge Anderson noted, however, that the Supreme Court did not make the rule in *Blakely* retroactively applicable to cases on collateral review. Dkt. #23 at 12. Therefore, Judge Anderson found that § 2244(d)(1)(C) does not apply to the facts in this case.

Judge Anderson also examined whether statutory or equitable tolling extended the statute of limitations. The AEDPA one-year limitations period is tolled during the time that a properly filed application for post-conviction review is pending. 28 U.S.C. § 2244(d)(2).

- 5 -

1 Judge Anderson found that statutory tolling does not save this petition because the first two
2 notices of post-conviction relief were untimely, and therefore not properly filed, and the third
3 was filed after the AEDPA limitations period had already expired. Dkt. #23 at 13.

4 Judge Anderson also found that the doctrine of equitable tolling does not extend the
5 limitations period. He first observed that it is uncertain whether equitable tolling applies to
6 the AEDPA statute of limitations at all. Dkt. #23 at 14. But even if the doctrine applies,
7 Petitioner must show that he has been pursuing his rights diligently and that some
8 extraordinary circumstance stood in his way. *See* Dkt. #23 at 14; *Pace v. DiGuglielmo*, 544
9 U.S. 408, 418 (2005). Judge Anderson found that Petitioner's ignorance of the law, lack of
10 legal assistance, and incarceration are not extraordinary circumstances sufficient to toll the
11 limitations period. Dkt. #23 at 15. In addition, Petitioner failed to demonstrate that he has
12 been pursing his rights diligently, especially during the three years between the denial of his
13 fifth notice of post-conviction relief and this petition for writ of habeas corpus. *Id.* at 16-17.
14 Judge Anderson therefore concluded that equitable tolling is not applicable. He also
15 concluded that holding the petition in abeyance would serve no purpose because the petition
16 is untimely, a defect that cannot be cured by exhaustion of Petitioner's state remedies. *Id.*
17 at 18.

**III.   Petitioner's objections to the R&R.**

19 Petitioner objects to the R&R on three grounds. First, Petitioner asserts that the
20 AEDPA limitations period did not start to run until the completion of his third notice for
21 post-conviction relief when he was provided with the transcripts. Dkt. #25 at 1-2. Second,
22 Petitioner argues that tolling should be based on *Cunningham v. California*,
23 549 U.S. 270 (2007), and on the ineffective assistance of the attorney who failed to request
24 the transcripts. *Id.* at 3. Finally, Petitioner claims that an evidentiary hearing is ordinarily
25 required before the Court can rule on a motion to hold in abeyance. *Id.*

**IV.   Analysis.**

27 The Court must undertake a *de novo* review of those portions of the R&R to which
28 specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court may

- 6 -

accept, reject, or modify the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

Petitioner first objects to Judge Anderson's conclusion that the limitations period expired on April 27, 2000. Dkt. #25 at 1-2. Petitioner argues that the statute of limitations did not start to run until the completion of his third notice for post-conviction relief on May 7, 2003. *Id.* He bases this claim on the failure of counsel, appointed on May 28, 2001, to request transcripts before determining that Petitioner had no colorable issues to raise. *Id.* But Petitioner fails to explain why counsel's allegedly ineffective assistance – rendered thirteen months after the AEDPA statute of limitations period had already expired – resulted in prejudice. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner was sentenced on January 26, 1999 and the AEDPA statute of limitations began to run 90 days later, on April 26, 1999, when Petitioner failed to file a notice of post-conviction relief by the Rule 32 deadline. *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007) (holding that the AEDPA's one-year stature of limitations does not begin to run until the conclusion of the Rule 32 proceeding or the expiration of the time for seeking the Rule 32 proceeding). Judge Anderson correctly determined that the limitations period expired one year later, on April 27, 2000.

Furthermore, even assuming that the statute of limitations period did not start to run until May 7, 2003, and even assuming that the limitations period was further tolled during Petitioner's fourth and fifth notices of post-conviction relief, this petition is still untimely. The statute of limitations would have began to run on December 22, 2004 when the trial court clarified that its September 9, 2004 order dismissed Petitioner's August 31, 2004 notice of post-conviction relief as well as the motion for reconsideration. Based on this extremely generous construction of the facts, the statute of limitations expired on December 22, 2005. And yet Petitioner did not file his petition in this Court until November 6, 2007, almost two years after the statute of limitations expired. This petition for writ of habeas corpus is undeniably untimely.

- 7 -

Petitioner next objects that tolling should be based on *Cunningham*. The Court interprets this objection to mean that the Court should examine whether the statute of limitations period was tolled under 28 U.S.C. § 2244(d)(1)(C) by the Supreme Court's decision in *Cunningham*. As discussed above, § 2244(d)(1)(C) allows a newly recognized constitutional right, made retroactively applicable by the Supreme Court, to toll the limitations period. 28 U.S.C. § 2244(d)(1)(C). The Ninth Circuit has held, however, that *Cunningham* did not announce a new rule of constitutional law. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). Because *Cunningham* did not announce a newly recognized constitutional right, it cannot toll the statute of limitations under § 2244(d)(1)(C).

Finally, Petitioner argues that an evidentiary hearing is ordinarily required before the Court may deny a motion to hold a matter in abeyance. Dkt. #25 at 3. Petitioner cites no authority for this proposition. *Id.* In actuality, the AEDPA significantly restricted a district court's ability to hold an evidentiary hearing. *See Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). According to the AEDPA, any factual determination made by the State Court is presumed to be correct. 28 U.S.C. § 2254(e)(1). If the petitioner failed to develop the factual basis of a claim in State court, then the district court may only hold an evidentiary hearing if (1) the claim relies on a new rule of constitutional law made retroactively applicable, (2) the claim relies on a factual predicate that could not have been previously discovered through due diligence, or (3) the facts underlying the claim are insufficient to support the conviction. 28 U.S.C. § 2254 (e)(2).

Petitioner has not alleged sufficient facts to entitle him to an evidentiary hearing. As discussed above, the rule in *Blakely* does not apply retroactively and the rule in *Cunningham* is merely an extension of *Blakely*, not a new constitutional rule. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005); *Butler*, 528 F.3d at 639. Neither decision permits an evidentiary hearing, and Petitioner has failed to allege any new facts not in the record that support his claims. Petitioner simply asserts that he merits an evidentiary hearing based on his "colorable claims." This is not sufficient under the AEDPA. Petitioner's request for an evidentiary hearing is denied.

**IT IS ORDERED:**

1. The Magistrate Judge's report and recommendation (Dkt. #15) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **dismissed**.
3. Petitioner's motion to hold matter in abeyance (Dkt. #1) is **dismissed**.
4. Petitioner's motion for an evidentiary hearing (Dkt. #24) is **dismissed**.
4. The Clerk is directed to **terminate** these actions.

DATED this 1st day of December, 2008.

_____
David G. Campbell
United States District Judge